UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CULLEN REED HARRIS, Reg. No. 01864-063, | § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. |
| WALTER S. SMITH, JR., United States District Judge, | § § § § | SA-09-CV-0944 OG (NN) |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION**

TO: Hon. Orlando Garcia
United States District Judge

This report and recommendation addresses the motions pending in this case and recommends denial of the motion to remand and dismissal of the case for failure to state a claim. I have authority to enter this report and recommendation under 28 U.S.C. § 636(b) and the district judge's order of referral.[1]

**Background of the Case**. Plaintiff Cullen Reed Harris filed this case in state court, naming Walter S. Smith as defendant. In the complaint, Harris seeks to collect on a purported uncontested debt in the amount of $3.5 million. Recognizing Smith as the chief judge of this district, the U.S. Attorney's Office, acting on Smith's behalf, removed the case to federal court.[2] Smith transferred the case this division.[3] Since that time, Harris moved to remand the case[4] and

---

[1] Docket entry # 4.

[2] Docket entry # 1.

[3] Docket entry # 3.

[4] Docket entry # 12.

then filed a notice of appeal[5] to divest the district court of jurisdiction over the motion to remand.[6] While the appeal was pending, Smith moved for dismissal of this case.[7] Harris in turn asked the district court to strike Smith's motion to dismiss.[8] The Fifth Circuit recently dismissed Harris's appeal[9] so there is no question that the district court has jurisdiction to consider the pending motions.

**Whether the district court has jurisdiction**. Smith removed this case under 28 U.S.C. § 1442. That provision authorizes removal of a civil action against "[a]ny officer of the courts of the United States, for any act under color of office or in the performance of his duties. . . ."[10] Harris maintains the case was improperly removed because the fact that Smith is a federal judge does not create a federal question. Harris relies on the well-pleaded complaint rule to sue Smith as a debtor, not as a federal judge.

In determining whether the case was properly removed under section 1442, the district court can take judicial notice that Smith is a federal district judge.[11] Smith's status as a judge is

---

[5]Docket entry # 10.

[6]Docket entry # 15, p. 5 (responding to show cause order directing him to specify his cause of action and the legal basis for his claim that the court has no jurisdiction to enter further orders because he filed a notice of appeal).

[7]Docket entry # 19.

[8]Docket entry # 23.

[9]Appeal No. 09-51148, Order of Dismissal (5th Cir. Mar. 5, 2010).

[10]28 U.S.C. § 1442(a)(3).

[11]Fed. R. Evid. 201 ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

not subject to reasonable dispute because it is generally known in this district and because it is readily and accurately determined by resort to sources whose accuracy cannot reasonably be questioned. Thus, the only question before the district court is whether Harris's allegations involve an act under color of office or in the performance of Smith's duties as a federal judge.

Because that question determines subject matter jurisdiction, the district court can consider matters outside the pleadings.[12]  "[N]o presumptive truthfulness attaches to the plaintiff's allegations. . . ."[13]  The complaint shows that Harris has sued Smith for an act under the color of Smith's office as a federal district judge and in the performance of judicial duties. The complaint relies on a purported billing statement as the basis for creating a debt owed to Harris. The billing statement is included in Smith's notice of removal. Although Harris maintains that Smith's role as a federal judge has no relevance to his claims, the purported billing statement refers to Harris's "criminal docket number W-91-CR-043" and his "Unlawful Restraint of Liberty without due process of law, caused by the . . . failure to carry out duties of [Smith's] office in accord with his oath of office." The billing statement complains about being "deprived. . . of due process and [Harris's] Sixth Amendment jury trial right when [Smith] enhanced the penalty imposed . . . beyond the statutory sentence otherwise found by the judge. . . not a jury as required by law. . . ." These allegations flow from Harris's conviction in Cause Number 6:91-CR-43(2). Smith presided over Cause Number 6:91-CR-43(2). In that case, Harris was

---

[12]*Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004) ("'A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'") (internal citation omitted).

[13]*Montez*, 392 F.3d at 150.

convicted for the offense of conspiracy to manufacture methamphetamine and sentenced to life imprisonment.[14]

Since his conviction, Harris has filed numerous motions in the context of his criminal case, directed to his conviction, his sentence, and the collection efforts of the Department of Justice with respect to the criminal fine assessed. Observing the conviction and the length of time Harris has been in prison, I questioned Harris in a show cause order about how the alleged debt could have arisen from actions unrelated to his criminal case.[15] Rather than answer that question, Harris asserted that Smith has "confessed, consented, and agreed upon debt to which the complaint herein is concerned"[16] by failing to contest the accuracy of the debt.

Because the complaint relies on the billing statement and the billing statement refers to Harris's criminal conviction, the district court can find[17] that the purported "confessed, consented, and agreed upon debt" involves an act under color of office or in the performance of Smith's duties as a federal judge. To the extent Harris may complain about the court's reliance on the billing statement, Harris waived that argument by relying on the document to support his claim for the alleged debt.[18] Because Smith is a federal judge and because Harris's claim

---

[14] *United States v. Harris*, Cause Number 6:91-CR-43(2).

[15] Docket entry # 11.

[16] Docket entry # 22, p. 1.

[17] *Robinson v. TCI/US West Communications*, 117 F.3d 900, 904 (5th Cir. 1997) ("A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.").

[18] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313-14 (5th Cir. 2002) (explaining that the plaintiffs waived argument about the district court's reliance on

involves an act under color of office or in the performance of Smith's duties as a federal judge, the district court has jurisdiction over this case. Harris's motion to remand should be denied because the district court has jurisdiction and the case was properly removed.

**Whether the case should be dismissed**. Smith contends that Harris's allegations fail to state a claim upon which relief may be granted because he is immune from civil suit for actions taken within his judicial capability.[19] A defendant in a civil action may move to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted."[20] Harris's complaint fails to state a claim because Smith is entitled to judicial immunity. Federal judges "are absolutely immune against an action for damages for acts performed in their judicial capacities. . . ."[21] Harris's billing statement shows that Harris based his purported damages on Smith's performance of a judicial function—*i.e.*, adjudicating Harris's criminal case. To the extent that Harris may object to the court's consideration of the billing statement, the Fifth Circuit has approved of the consideration of documents attached to a motion to dismiss referred to in the plaintiff's complaint that are central to the plaintiff's claim."[22] No reason exists why this rule does not apply to documents attached to a notice of removal. By relying on the billing

---

documents not attached to the complaint because the plaintiffs relied on the documents to support their claims).

[19]Docket entry # 19, p. 4.

[20]Fed. R. Civ. P. 12(b)(6).

[21]*McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989). *See also Sleeman v. Brazoria County*, 78 F.3d 582 (5th Cir. 1996) ("[A] judge acting within the ambit of his authority enjoys absolute judicial immunity.").

[22]*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).

5

statement as the basis for his claim, Harris incorporated the billing statement into his complaint.[23] Like the reasoning for a motion to dismiss, attaching a document referred to in the complaint to a notice of removal "merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."[24]

The billing statement is referred to in Harris's complaint and it is central to Harris's claim. The billing statement shows that Harris based his claim on an act in Smith's performance of a judicial function—*i.e.*, adjudicating Harris's criminal case. Smith is absolutely immune notwithstanding Harris's argument that Smith failed to contest Harris's billing statement. Harris insists that the alleged "debt was created, not by the actions of [Smith] presented in the billing statement [actions related to Harris's criminal conviction], rather it was created by [Smith's] inactions wherein he was informed that such inaction would be construed as his consent, assent and agreement to the accuracy."[25] Harris provided no legal basis for this claim. When directed to specify a cause of action and the legal basis for his claim, Harris failed to identify a cause of action, failed to specify a legal basis for his claim, and failed to allege any facts indicating Smith owed Harris a debt unrelated to Smith's role as a federal judge. Harris's attempt to isolate his claim from Smith's role in his federal conviction fails because he lacks a legal basis for his claim.

---

[23]*Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) ("[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice.").

[24]*Collins*, 224 F.3d at 499.

[25]Docket entry # 23, p. 3.

6

Smith is immune from suit because the case involves an action performed in Smith's capacity as a federal judge. A lawsuit against a defendant who is immune from suit fails to state a claim upon which relief can be granted.

**Harris's motion to strike**. Harris asked the district court to strike Smith's motion to dismiss because Smith re-captioned the style of the case upon removal. Harris maintains that as the master of his complaint, he may style the case as he chooses. There is no legal basis for striking a pleading based solely on the way it is styled. The motion to strike should be denied.

**Recommendation**. Because the district court has jurisdiction under 28 U.S.C. § 1442, the removal was proper. Harris's motion to remand (docket entry # 12) should be denied. Because Harris's allegations fail to state a claim, Smith's motion to dismiss (docket entry # 19) should be denied. Because no legal basis exists for striking Smith's motion, the motion to strike (docket entry # 23) should be denied.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[26] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for

---

[26] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[27] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[28]

**SIGNED** on March 5, 2010.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[27] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[28] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).